## BENDIX AVIATION CORPORATION v. COE, United States Commissioner of Patents.

### No. 17110.

District Court of the United States
for the District of Columbia.

Dec. 23, 1943.

N. D. Parker, Jr., of Washington, D. C., for plaintiff.

W. W. Cochran, Sol. U. S. Patent Office, of Washington, D. C., for defendant.

BAILEY, Justice.

The sole question in this case is whether the plaintiff was estopped from setting up claims in suit in the Patent Office because of proceedings in certain interferences which involved applications owned by the plaintiff.

In a series of interferences Nos. 68,702 to 68,705, a joint application of Milton E. Chandler and Scott F. Hunt, owned by the plaintiff, was involved with an application of Warren F. Stanton, Serial No. 600,038, along with other applications of other parties. The Chandler and Hunt application and the Stanton application both disclose a subject matter of claims 21 to 24, inclusive, involved in this case. During the proceedings in said interferences the joint application of Chandler and Hunt was converted into a sole application of Hunt and all claims to any invention made by Chandler were withdrawn from that application.

It is admitted by the defendant that in this series of interferences the said claims 21 to 24, inclusive, could not have been added to the issue thereof for the reason that not all of the applications involved in said interferences would support such claims.

There was another series of interferences, Nos. 68,187, 68,188 and 71,471, between an application of Chandler, owned by the plaintiff, and the same application of Stanton, No. 600,038, and applications of other parties. For the same reason as in the interferences previously mentioned, the said claims 21 to 24, inclusive, could not have been added to the issue of the latter interferences.

Defendant claims that by reason of the plaintiff's failure to present a motion under Rule 109 of the Patent Office for subsidiary interferences, it was estopped from later making the claims referred to. It was for this reason that the Patent Office declined to allow these claims. The defendant concedes that the decisions in this series of interferences did not create an estoppel by judgment against the plaintiff but that plaintiff's omission to move for a subsidiary interference during the pendency of those interferences created an estoppel en pais. I cannot see that any estoppel was created by the failure of the plaintiff to do what it could not do, that is, to bring these claims into the interferences which have been declared by the Patent Office. The Court of Appeals for the District of Columbia in the case of International Cellu-cotton Products Co. v. Coe, 66 App. D. C. 248, 85 F.2d 869, has held that the estoppel created under Rule 109 of the Patent Office was one by judgment and not en pais.

The plaintiff is entitled to a judgment authorizing the Commissioner of Patents to issue to it a patent embracing the claims in suit.